IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, a minor child, by and through her mother and next friend, MARY DOE, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION 09-0329-WS-N ) |
| CITY OF DEMOPOLIS, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Terrance Smith's Motion to Dismiss or in the Alternative, Motion to Stay (doc. 20). By Order (doc. 22) entered on June 25, 2009, the undersigned set a deadline of July 7, 2009 for any party to be heard in response to the Motion. Plaintiff did not respond to or otherwise take a position on the Motion in the allotted time frame. And defendant City of Demopolis submitted a short Response (doc. 23) stating that it does not object to the Motion. In this posture, the Motion is now ripe for disposition.

**I.     Background.**

On November 4, 2008, plaintiff Jane Doe 1, by and through her mother and next friend, Mary Doe, filed the Complaint (doc. 1) against defendants City of Demopolis and Terrance Smith.[1] The Complaint alleges that defendant Smith, while on patrol as a police officer for the City, sexually assaulted Jane Doe 1, a minor child. The Complaint elaborates that Jane Doe 1

---

[1] The caption of the Complaint references both a Jane Doe 1 and a Jane Doe 2, as well as a Mary Doe and a Mary Doe 2; however, the body of the Complaint identifies and makes allegations concerning only a singular Jane Doe and a singular Mary Doe. As such, the sole plaintiffs whose claims are now joined in this action are Jane Doe 1 and Mary Doe. To the extent that this action purports to be brought on behalf of a Jane Doe 2 and Mary Doe 2, the Complaint in its present form is inadequate to interpose any causes of action on their behalf. Should Jane Doe 2 and Mary Doe 2 wish to be heard and to have their claims for relief joined herein, it is incumbent on them to make appropriate filings to amend the pleadings or to seek leave to intervene. At present, however, their claims are not part of this lawsuit.

"was sexually abused and molested by Smith" and that "Smith touched Jane Doe 1 in a sexual manner repeatedly." (Doc. 1, ¶¶ 11-12.) Plaintiff brings a claim against the City under Alabama Code § 11-47-190, on the theory that the City had knowledge of similar sexual misconduct by Smith on past occasions and had actual notice of other victims, but failed to take remedial action to prevent Smith's misconduct from recurring. Plaintiff also brings a § 1983 claim alleging a Fourteenth Amendment due process violation on the grounds that (a) there was a clear pattern of sexual abuse by Smith; (b) the City had notice of that pattern, but showed deliberate indifference by failing to take corrective action; (c) the City's inaction was the moving force behind plaintiff's injuries; and (d) the City acted in bad faith by failing to perform background checks or to supervise Smith in a manner that would have prevented harm.

Defendant Smith has filed a Motion to Dismiss or to Stay this action.[2] As grounds for this Motion, Smith alleges (with no supporting exhibits) that he "is currently awaiting trial on the charge of Second Degree Rape of Doe in the Circuit Court of Marengo County, Alabama." (Doc. 20, ¶ 2.) In light of this parallel criminal proceeding, Smith urges the Court either to apply *Younger* abstention principles to abstain from hearing this matter at all, or alternatively to exercise discretion to stay this case pending resolution of the criminal charges.

## II.     *Younger* **Abstention.**

*Younger* abstention has no application here. At its core, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), stands for the proposition that, because of traditional principles of equity and comity, "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) ("*NOPSI*"); *see also Green v. Jefferson County Com'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) (explaining that *Younger* "stated the general rule that a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances"). Although the

---

[2]     A plain reading of the Complaint reveals no obvious language through which either cause of action set forth therein states a cognizable claim against Smith; rather, on their face, both claims appear directed exclusively at the City. That concern will be left for another day, inasmuch as the Complaint expressly names Smith as a defendant and he has not filed a Rule 12(b) motion arguing that the Complaint fails to state claims against him.

*Younger* doctrine has been broadened in some respects, it remains a necessary prerequisite for this type of abstention that the federal proceedings would somehow interfere with parallel state court proceedings. *See, e.g., Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004) (opining that "without showing an *undue* interference on state proceedings, abstention is not permitted"); *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) ("an essential part of the ... *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required."). Smith has not explained, and the Court does not perceive, how the pendency of this civil action could possibly interfere with or encroach upon the ongoing criminal proceedings against Smith. No party has asked this Court to oversee, supervise or direct the actions and rulings of the Marengo County Circuit Court in adjudicating the rape charges against Smith. At most, Smith expresses concern that the subject matter of these two actions is overlapping. But that factor is plainly insufficient, in and of itself, to justify abstention. *See, e.g., NOPSI*, 491 U.S. at 373 ("there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts"); *Green*, 563 F.3d at 1251 (reaffirming notion that the *Younger* doctrine is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it"); *Wexler*, 385 F.3d at 1340 ("we do not accept that the existence of a parallel state court action would warrant abstention in federal court, unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions").

Simply put, then, the mere existence of parallel state criminal proceedings does not trigger abstention, in the absence of any showing of interference that might trigger the comity considerations on which *Younger* is predicated. Smith has made no such showing here, and the Court perceives no meaningful risk of undue interference if Doe's constitutional and state law claims relating to Smith's alleged sexual abuse are allowed to proceed in federal court contemporaneously with the state court criminal proceedings. To the extent, then, that Smith asks this Court to abstain under *Younger*, the Motion is **denied**.

### III.   Prudential Stay Pending Resolution of Criminal Proceedings.

It is well-settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct.

1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the latter. *See, e.g., United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) ("a court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice"); *U.S. ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp.2d 758, 762 (W.D. Tex. 2008) ("a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay"). Nonetheless, district courts are vested with substantial discretion to stay civil proceedings in the face of a parallel criminal action where the interests of justice favor doing so. *See, e.g., GLL GmbH & Co. Messeturm KG v. LaVecchia*, 247 F.R.D. 231, 233 (D. Me. 2008) ("It is within the Court's discretion whether to stay civil litigation in deference to parallel criminal proceeding, and it is to be exercised along prudential lines and only where the interests of justice counsel in favor of the stay."); *Dominguez*, 530 F. Supp.2d at 905 (recognizing district courts' "authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require"); *Chao v. Fleming*, 498 F. Supp.2d 1034, 1037 (W.D. Mich. 2007) ("While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.").

In exercising that discretion, courts balance the interests of the parties, the courts and the public, including such considerations as "1) the extent to which the issues in the criminal case

overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Fleming*, 498 F. Supp.2d at 1037 (citation omitted).[3]  Although many factors may be relevant, "the similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez*, 530 F. Supp.2d at 906-07; *see also Fleming*, 498 F. Supp.2d at 1039 (degree of overlap is "the most important factor" because absent such overlap there would be no need for a stay) (citations omitted).

Under the circumstances presented here, the Court agrees that a stay is appropriate.  A central issue in both this action and the Marengo County proceedings will be whether Smith sexually assaulted Jane Doe 1; therefore, the similarity between the two actions is substantial.  Another consideration is that of judicial economy, which likewise favors a stay.  If Smith is found guilty in the Marengo County criminal proceedings,[4] that adjudication may have preclusive effect here on the critical question of whether he did or did not molest Jane Doe 1, potentially obviating the need for relitigation of that question.  *See, e.g., In re Financial Federated Title and Trust, Inc.*, 347 F.3d 880, 886 n.5 (11th Cir. 2003) (citing authorities for

---

[3]  *See also S.E.C. v. Nicholas*, 569 F. Supp.2d 1065, 1069 (C.D. Cal. 2008) (relevant factors in exercising discretion include prejudice to plaintiffs of a delay, burden of proceedings on defendants, efficient use of judicial resources, interests of persons not parties to the civil action, interest of the public in the civil and criminal proceedings, and criminal defendant's Fifth Amendment rights); *Dominguez*, 530 F. Supp.2d at 905 (enumerating factors as including degree of overlap between civil and criminal cases, whether indictment has been issued, prejudice to plaintiff caused by delay, burden on defendants, and interests of court and public); *International Floor Crafts, Inc. v. Adams*, 529 F. Supp.2d 174, 176 (D. Mass 2007) (considering "1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed, 2) the private interests of and burden on the defendant, 3) the convenience to the courts, 4) the interests of persons not parties to the civil litigation and 5) the public interest") (citation omitted).

[4]  Of course, the Court has formed no opinions as to the merit of these allegations against Smith.  The discussion on this point is purely hypothetical.

proposition that the "[c]oncept of collateral estoppel applied to prevent relitigation of issues subsequently brought in a civil suit to the related issues determined in the criminal proceedings").[5]  Finally, and significantly, plaintiff has identified no prejudice that she would suffer if these proceedings were stayed, and has voiced no opposition to Smith's request for a stay.

In light of the above, the Court in its discretion finds that the interests of justice favor entry of a stay of this action in deference to the pending, parallel criminal proceedings against Smith in state court.[6]  Accordingly, the Motion to Stay is **granted**.

## IV.     Conclusion.

For all of the foregoing reasons, defendant Smith's Motion to Dismiss or to Stay (doc.

---

[5]    *See also United States v. Satterfield*, 743 F.2d 827, 838 (11th Cir. 1984) (citing "rule in this and other circuits that a criminal conviction may be used as conclusive proof of some issues in a subsequent civil litigation"); *Matter of Raiford*, 695 F.2d 521, 523 (11th Cir. 1983) ("The use of a criminal conviction as conclusive of an issue in subsequent civil litigation ... is well established today."); *Parris v. Town of Alexander City*, 45 F. Supp.2d 1295, 1300 n.6 (M.D. Ala. 1999) ("In this Circuit, the use of a criminal conviction as conclusive of an issue in subsequent civil litigation is well-established.").  This would be true regardless of whether the conviction was obtained via guilty plea or jury verdict.  *See Blohm v. C.I.R.*, 994 F.2d 1542, 1554 (11th Cir. 1993) ("for purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits" because "[t]he conclusive effect is the same").

[6]    In reaching this conclusion, the Court neither adopts nor endorses Smith's reasoning that "[a] defendant's guilt or innocence should be established through the criminal courts, rather than the civil courts."  (Doc. 21, at 5.)  It is simply incorrect to suggest, as Smith does, that a civil verdict would usurp the criminal proceedings, or that a civil jury can never decide whether he sexually assaulted Jane Doe 1.  If a civil jury in this action found by a preponderance of the evidence that Smith sexually assaulted Jane Doe 1, that determination would not be binding on a criminal jury in Marengo County deciding his guilt or innocence by a reasonable doubt standard.  Thus, even if it proceeded at this time, this civil action would not result in a conclusive, beyond-a-reasonable-doubt determination of Smith's guilt or innocence, nor would it in any way supplant the parallel criminal proceedings.  And if the criminal jury were to acquit Smith, that determination would in no way be binding on a civil jury in this case assessing the proof against him by a less stringent preponderance standard.  Movant's unsupported contention also flies in the face of the well-established principle that parallel criminal and civil actions may co-exist in harmony.  *See generally Gonzalez*, 571 F. Supp.2d at 761 ("It is the rule, rather than the exception that civil and criminal cases proceed together.") (citation omitted).

20) is **granted in part**, and **denied in part**.  The Motion is **denied** insofar as Smith requests dismissal or abstention pursuant to the *Younger* doctrine.  However, the Motion is **granted** insofar as Smith requests entry of a stay for prudential reasons in deference to the related criminal proceedings against him.  This action is hereby **stayed** in its entirety pending the resolution of the criminal proceedings against Smith in Marengo County Circuit Court, in which he is charged with Second Degree Rape of plaintiff Jane Doe 1.[7]

That said, the Court will not authorize an indefinite stay, but will instead monitor the criminal proceedings closely to ensure that this stay remains in place no longer than necessary.  In that regard, Smith is **ordered** to file status reports every **60 days**, with the first such report to be due on or before **August 1, 2009**.  Those reports must, at a minimum, state the current posture of the state court proceedings, including any trial setting and other deadlines that might reasonably bear on the propriety of a continuing stay in this case.  Additionally, Smith is **ordered** to notify the Court promptly in writing upon the conclusion of the Marengo County Circuit Court action.

DONE and ORDERED this 10th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] In its briefing schedule entered on June 25, 2009, the Court stated that it was "particularly interested in hearing from the parties as to whether this action can or should proceed against defendant City of Demopolis even if abstention or a stay is entered as to defendant Smith." (Doc. 22, at 1.)  The parties did not address this portion of the June 25 Order, so any suggestion that this case can or should proceed as to the City (which is, after all, the only defendant against whom causes of action are expressly asserted in the Complaint), notwithstanding the stay as to Smith, has been waived.