IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE 1, a minor child, by and through her mother and next friend, MARY DOE, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 09-0329-WS-N ) |
| CITY OF DEMOPOLIS, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Terrance Smith's Motion to Dismiss (doc. 41) and plaintiff's Motion to Amend (doc. 45). Both Motions are ripe for disposition.

On November 4, 2008, plaintiff, Jane Doe 1, filed her Complaint (doc. 1) against defendants, City of Demopolis and Terrance Smith. The Complaint alleged state-law and constitutional claims against the City arising from allegations that defendant Smith had repeatedly sexually assaulted her while acting in the line and scope of his duties as a police officer for the City.

The Complaint was originally filed in U.S. District Court for the Northern District of Alabama; however, there was minimal activity in this action until May 27, 2009, when it was transferred to this District Court based on defendants' objection to venue in the Northern District. Within weeks after the transfer, the undersigned entered an Order (doc. 24) staying this action pending the conclusion of related criminal proceedings against defendant Smith. On June 21, 2010, upon being advised by the parties that those parallel criminal proceedings had been dismissed, the Court entered an Order (doc. 39) lifting the stay and directing Smith to file an answer so that this action could move forward without further delay.

In lieu of an answer, defendant Smith filed a Motion to Dismiss, wherein he argued that the Complaint should be dismissed as to him pursuant to Rule 12(b)(6), Fed.R.Civ.P., because plaintiff's causes of action were directed exclusively at the City, not at Smith. Plaintiff

responded by filing a Motion to Amend, wherein she requested leave of court to amend her Complaint to add a Count Three asserting state-law causes of action against Smith for assault and battery and invasion of privacy. Defendant Smith opposes the requested amendment on the ground of undue delay.[1]

Plaintiff's request to amend her Complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. Courts have recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). As a general proposition, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (similar). That said, leave to amend can properly be denied under circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citation omitted).

Smith's undue delay objection is not persuasive. There is no evidence of undue delay here. Because of the lengthy stay (which Smith requested to accommodate his criminal proceedings) which was only recently lifted, this action has barely commenced. By all appearances, no discovery has been taken. The parties' Rule 26(f) Report is not due until August

---

[1] Smith also maintains that his Motion to Dismiss should be granted because plaintiff did not file a response to it in the time frame allotted by the relevant briefing schedule. This argument fails because plaintiff filed her Motion to Amend in lieu of a response to the Rule 12(b)(6) motion. If she is granted leave to amend her complaint and assert specific causes of action against Smith, then the premise animating Smith's Motion to Dismiss (*i.e.*, that Doe has not directed any claims against him) would evaporate and that Motion would plainly be rendered moot. The cases cited by Smith on page 3 of his Response (doc. 48) are all distinguishable because, in this case, Doe has filed a proposed amended complaint that, if permitted, would negate the Motion to Dismiss. Besides, the Motion to Amend includes clear statements by plaintiff responding to the Motion to Dismiss and setting forth plaintiff's reasoning for why she thinks dismissal is inappropriate.

6, 2010. No trial date has been set. Certainly, the deadline for amending pleadings has not expired. Given that this civil litigation remains in its infancy, and that plaintiff acted with reasonable promptness to amend her Complaint after the stay was lifted, the Court perceives nothing about these circumstances that would substantiate a finding of undue delay or dilatoriness. *See, e.g., Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998) (where plaintiffs filed motion for leave to amend prior to scheduling order deadline, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October supports a finding of 'delay,' not 'undue delay' or 'dilatory' action"); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment").

Equally unavailing is Smith's implausible suggestion that plaintiff's delay in stating causes of action against him "is prejudicial" and "has harmed Defendant Smith's ability to prepare an [*sic*] substantive defense to the new claims." (Doc. 48, at 2.) From its inception, this case has been clearly and obviously centered on allegations that Smith sexually assaulted the plaintiff. Until recently, Smith has been defending criminal charges that he sexually assaulted the plaintiff. The new claims asserted against Smith flow directly and obviously from allegations that Smith sexually assaulted the plaintiff. In light of these circumstances, Smith's conclusory protestations of prejudice are meritless.

For all of the foregoing reasons, the Motion to Amend (doc. 45) is **granted** pursuant to Rule 15(a)(2), Fed.R.Civ.P. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **August 9, 2010**, to file her Amended Complaint as a freestanding document in substantially the form appended to her Motion as an exhibit.

Because Smith's Motion to Dismiss is directed at a pleading that has now been superseded, that Motion to Dismiss (doc. 41) is **moot**. Smith is **ordered** to file an answer or other responsive pleading to the Amended Complaint by no later than **August 16, 2010**.

DONE and ORDERED this 2nd day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
