IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0329-WS-N |
| | ) | |
| CITY OF DEMOPOLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

In an Order (doc. 91) entered on June 30, 2011, the undersigned granted summary judgment to defendant City of Demopolis on all claims asserted against it by plaintiff, Jane Doe. As a consequence of the June 30 Order, all claims supporting original federal jurisdiction were dismissed, with the only remaining claims being Doe's purely state-law causes of action against defendant Terrance Smith for assault and battery and invasion of privacy. The June 30 Order noted that fact, and pointed to considerable appellate precedent explaining that, ordinarily, district courts decline supplemental jurisdiction over lingering state-law claims following pretrial dismissal of all federal-law claims.[1]

Nonetheless, the June 30 Order expressly recognized that "declining to exercise supplemental jurisdiction is not a kneejerk action once all federal claims are dismissed," but that

---

[1] *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered … will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Busse v. Lee County, Fla.*, 2009 WL 549782, *4 (11th Cir. Mar. 5, 2009) ("we expressly encourage district courts to [refrain from exercising supplemental jurisdiction over state-law claims] when all federal claims have been dismissed pretrial").

such determination should be made after considering factors such as "comity, judicial economy, convenience, fairness, and the like." (Doc. 91, at 21 (citations omitted).) On that basis, the June 30 Order directed any party who wished for the Court to retain supplemental jurisdiction over this matter to submit a memorandum of law setting forth its position on or before July 11, 2011.

To date, no party has filed such a memorandum. By all appearances, no remaining party contends that Doe's claims against Smith should remain in federal court or seeks the exercise of supplemental jurisdiction over such claims. Moreover, considerations of comity, economy, and fairness plainly favor dismissal of the state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) ("Both comity and economy are served when issues of state law are resolved by state courts."); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citation omitted). The Court is not aware of any countervailing considerations that might outweigh the foregoing factors, and the parties certainly have not enumerated any. Accordingly, the undersigned finds that this case falls into the usual category of cases as to which supplemental jurisdiction over remaining state-law claims is properly declined following dismissal of all causes of action over which original federal jurisdiction lies.[2]

After examining the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over Doe's state-law claims against Smith. Those claims are therefore **dismissed without prejudice** so that Doe may refile them in the appropriate state court if she wishes to do so. *See, e.g.,*

---

[2] *See generally Murphy v. City of Aventura*, 2010 WL 2490932, *3 (11th Cir. June 18, 2010) ("There was no reason for the district court to exercise supplemental jurisdiction over the state law claims after the court dismissed the federal claims over which it had original jurisdiction."); *Weaver v. James Bonding Co.*, 442 F. Supp.2d 1219, 1229 n.13 (S.D. Ala. 2006) (collecting cases for proposition that "Judges in this District have routinely declined supplemental jurisdiction" after dismissal of all federal claims prior to trial); *Bowens v. City of Atmore*, 171 F. Supp.2d 1244, 1260 (S.D. Ala. 2001) ("Because all federal claims have been dismissed prior to trial, because state court should be the final arbiter of plaintiffs' tort claims, and because no countervailing considerations outweigh these circumstances, the plaintiffs' state law claims … will be dismissed without prejudice.").

*Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (where district court decides to dismiss state-law claims in action originally filed in federal court, such claims "should be dismissed without prejudice so that the claims may be refiled in the appropriate state court").

      A separate judgment, memorializing both this Order and the June 30 Order dismissing all of plaintiff's claims against defendant City of Demopolis, will be entered.

      DONE and ORDERED this 15th day of July, 2011.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE